UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

MICHAEL SEABROOK,

                                 Plaintiff,

     -against-

THE CITY OF NEW YORK; POLICE OFFICER
PETER LAZARE, Shield #26342; POLICE
OFFICER ERNEST KENNER, Shield #8756;
SERGEANT CHRISTOPHER MULLER,
Shield # 4155,

                                Defendants.

———————————————————————X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

Index No.: 14-CV-03059

PLAINTIFF MICHAEL SEABROOK, by his attorney DAVID A. ZELMAN, ESQ., for

his AMENDED COMPLAINT, alleges upon information and belief, as follows:

## I.      PRELIMINARY STATEMENT

1.     This is a civil rights action in which MICHAEL SEABROOK (hereinafter "Plaintiff")

seek damages to redress the deprivation, under color of state law, of rights secured to him

under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

On or about January 15, 2014, at approximately 2:30 P.M. at or near the intersection of

East 98th Street and Rutland Road in Brooklyn, NY, Plaintiff was falsely arrested with

excessive force, assaulted, maliciously prosecuted, and excessively detained by

Defendants, including but not limited to POLICE OFFICER PETER LAZARE, Shield

#26342; POLICE OFFICER ERNEST KENNER, Shield #8756; and SERGEANT

CHRISTOPHER MULLER, Shield # 4155.  It is alleged that Defendants falsely arrested

and detained Plaintiff in violation of his constitutional rights. As a result of the violation

of his constitutional rights, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides

for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the

Constitution and laws of the United States.  This Court has pendant jurisdiction over

Plaintiff's state law claims.

## III. PARTIES

3.    Plaintiff MICHAEL SEABROOK at all times relevant hereto resided in Kings County,

New York.

4.    Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation,

incorporated pursuant to the laws of the State of New York, which operates the New

York City Police Department (hereinafter "NYPD"), and as such is the public employer

of the Defendant officers herein.

5.    Defendant POLICE OFFICER PETER LAZARE, Shield #26342 (hereinafter

"LAZARE") was an NYPD police officer, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of

his employment. LAZARE is sued in his official and individual capacity.

6.    Defendant POLICE OFFICER ERNEST KENNER, Shield #8756 (hereinafter

"KENNER") was an NYPD police officer, and at all relevant times hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of

his employment.  KENNER is sued in his official and individual capacity.

2

7.  Defendant SERGEANT CHRISTOPHER MULLER, Shield # 4155 (hereinafter "MULLER") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.  MULLER is sued in his official and individual capacity.

8.  At all relevant times hereto, Defendants were acting under the color of state and local law.  Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9.  On or about January 15, 2014, at approximately 2:30 P.M., Plaintiff was lawfully at or near the intersection of East 98th Street and Rutland Road in Brooklyn, NY.

10. New York City Police Officers, including but not limited to defendants LAZARE, KENNER and MULLER, approached and arrested him with excessive force.

11. Plaintiff was then transported to the 73rd precinct.

12. When Plaintiff arrived at the 73rd precinct, he was assaulted by defendant LAZARE.

13. Plaintiff was transported to Central Booking, where he was detained for approximately 2 days.

14. Plaintiff was arraigned on charges of 265.03(3), Criminal Possession of a Weapon in the Second Degree, 265.01-B(1), Criminal Possession of a Firearm, and 265.01(1) Criminal Possession of a Weapon in the Fourth Degree.

15. Upon information and belief, plaintiff was remanded and spent approximately two weeks at Rikers Island.

16. A grand jury failed to indict Plaintiff on the charges, and the charges were dismissed.

17. On or about the 13th day of April, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had neither valid evidence for Plaintiff's arrest nor legal cause or excuse to seize and detain them.

21. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via his agents, servants and employees routinely charged persons with crimes they did not commit.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing

4

to adequately discourage further constitutional violations on the part of his officers, staff, agents and employees.

23.     As a result of the above described  policies and customs, the officers, staff, agents and employees of Defendant CITY believed that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.  In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

24.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

25.     By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

27.     Paragraphs 1 through 25 are hereby realleged and incorporated by reference herein.

28.     That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

29.     That Defendants intended to confine Plaintiff.

5

30.   That Plaintiff was conscious of the confinement and did not consent to it.

31.   That the confinement was not otherwise privileged.

32.   By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

33.   That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

34.   Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35.   That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

36.   That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

37.   That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against them.

38.   That at the time of the arrest or while in custody, Plaintiff did not pose a threat to the safety of the arresting officers.

39.   That Plaintiff was not actively resisting arrest or attempting to evade arrest.

40.   That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating their arrest.

6

41.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

42.    That by reason of Defendants' acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

43.    That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

44.    That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

45.    That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

46.    That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

47.    That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

48. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

51. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

52. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest or after Plaintiff was arrested and in custody.

53. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

54. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

55. That Defendant's actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

56. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating their arrest, in violation of the laws of the State of New York.

57. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

58.   By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT AND BATTERY)

59.   Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60.   That Defendants intended to cause harmful bodily contact to Plaintiff.

61.   That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

62.   That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

63.   That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

64.   Paragraphs 1 through 63 are hereby realleged and incorporated by reference herein.

65.   That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

66.   That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

67.   That Defendants detained Plaintiff with ill will and/or negligently.

68.   That Defendants should have expeditiously investigated this matter and released Plaintiff.

69.   By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights,

deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

70. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

71. That upon information and belief, in 2013, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

72. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

73. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

74. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

75. That Defendant, through its officers, agents and employees, unlawfully incarcerated Plaintiff for an excessive period of time prior to arraignment.

10

76.   By reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

77.   Paragraphs 1 through 76 are hereby realleged and incorporated by reference herein.

78.   Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

79.   Said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

80.   As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to § 1983 (MALICIOUS PROSECUTION)

81.   Paragraphs 1 through 80 are hereby realleged and incorporated by reference herein.

82.   That Defendants, with malicious intent, arrested PLAINTIFF and initiated a criminal proceeding despite the knowledge that PLAINTIFF had committed no crime.

83.   That all charges against PLAINTIFF were terminated in his favor.

84.   That there was no probable cause for the arrest and criminal proceeding.

85.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF'S rights, deprived PLAINTIFF of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in

violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

86. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, PLAINTIFF was maliciously prosecuted despite the fact that he had committed no violation of the law.

87. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

88. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

89. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of PLAINTIFF's rights alleged herein.

90. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

91. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

12

92.   That by reason of the foregoing, PLAINTIFF suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XIII. NINTH CAUSE OF ACTION
### Pursuant to State Law (MALICIOUS PROSECUTION)

93.   Paragraphs 1 through 92 are hereby realleged and incorporated by reference herein.

94.   That Defendants acted with malicious intent, arrested Plaintiff PLAINTIFF and initiated a criminal proceeding despite the knowledge that PLAINTIFF had committed no crime.

95.   All charges against PLAINTIFF have been dismissed.

96.   That there was no probable cause for the arrest and criminal proceedings.

97.   That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights, deprived PLAINTIFF of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

98.   That by reason of the foregoing, PLAINTIFF suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XIV. TENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

99.   Paragraphs 1 through 98 are hereby realleged and incorporated by reference herein.

100.  By fabricating evidence, defendants violated PLAINTIFF's constitutional right to a fair trial.

13

101.   Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

102.   As a result of the above constitutionally impermissible conduct, PLAINTIFF was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XV. ELEVENTH CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

103.   Paragraphs 1 through 102 are hereby realleged and incorporated by reference herein.

104.   That Defendants failed to intervene when Defendants knew or should have known that PLAINTIFF's constitutional rights were being violated.

105.   That Defendants had a realistic opportunity to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence.

106.   That a reasonable person in the Defendants' position would know that PLAINTIFF's constitutional rights were being violated.

107.   That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights, deprived PLAINTIFF of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of PLAINTIFF's rights pursuant to Fourteenth Amendment of the United States Constitution.

108.   That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, PLAINTIFF was not protected from Defendants' unconstitutional actions.

109.   That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

110.   That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

111.   That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of PLAINTIFF's rights alleged herein.

112.   That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

113.   That by reason of the foregoing, PLAINTIFF suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XVI. TWELVTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

114.   Paragraphs 1 through 113 are hereby realleged and incorporated by reference herein.

115.   That Defendants were acting in furtherance of the duties owed to his employer, defendant CITY.

116.   That at all times Defendants were acting within the scope of his employment.

117.   That Defendant CITY was able to exercise control over Defendants activities.

118.   That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully request that judgment be entered:

1.   Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2.   Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.   Awarding Plaintiff interest from January 15, 2014;

4.   Awarding Plaintiff reasonable attorneys' fees pursuant to 42 USC §1988; and

5.   Granting such other and further relief as to this Court deems proper.

DATED:       Brooklyn, New York
             April 30, 2015

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072